(C. D. 1158)

### The American Import Company v. United States

United States Customs Court, First Division

(Decided February 9, 1949)

*Philip Stein* (*E. D. Howald* and *Sidney Mandell* of counsel) for the plaintiff.
*David N. Edelstein* (*Joseph E. Weil* and *Howard L. Harawitz*, special attorneys), for the defendant.

Before Oliver, Cole, and Mollison, Judges; Mollison, J., concurring

Oliver, Chief Judge: This is a protest against the action of the collector of customs at Cleveland, Ohio, in assessing duties on certain merchandise, described on one invoice herein as "woven rush women" and on the second invoice herein as "woven rush dolls" (collective exhibit 2), imported from Mexico. The items in question were classified under paragraph 1513, Tariff Act of 1930, at 70 per centum ad valorem as straw dolls. The importer claims the merchandise to be properly dutiable under the provisions of paragraph 1537 (a) of the same act at only 25 per centum ad valorem as manufactures of straw. The pertinent parts of the competing provisions of the tariff act are as follows:

Par. 1513. * * * all other dolls * * * of whatever materials composed * * * 70 per centum ad valorem.
Par. 1537. (a) Manufactures of * * * straw * * * not specially provided for, 25 per centum ad valorem.

The shipment consisted of various straw articles made in different shapes. A sample of one of these, a horse and rider, is in evidence (illustrative exhibit A). This was classified for duty at 25 per centum

ad valorem as manufactures of straw (paragraph 1537 (a)). The item before us (exhibit 1) is the figure of a woman also made of straw. This item was classified for duty as a doll at 70 per centum ad valorem (paragraph 1513).

The secretary-treasurer of the plaintiff, Mr. Niebauer, who for 24 years had supervision of importations made by the importer herein, testified that the item on the invoice called the "woman" was made of the same material as the figure of the horseman represented by illustrative exhibit A and that the only difference existing is that it is in the form of a woman. He stated that imported articles such as illustrative exhibit A came in various sizes varying from 8 to 12 inches in height and that the figure in the form of a woman was about the same size. He had seen articles like illustrative exhibit A in the form of a woman "used in homes where they make a dress-up of Mexican material, either on the floor or on mantles, or suspend them from walls." (R. 9.) He had never seen children play with such articles as toys and testified that they in no way compared with the dolls that he had seen children play with. The witness then stated that he did not sell such articles as toys but that they were used merely as decorative novelties and sold principally to novelty jobbers of notions. On cross-examination, the witness stated that to constitute an article a toy, it must have some attractiveness to it and that he had never seen children play with any toys made of straw. He testified that he actually saw merchandise similar to the horse and rider (illustrative exhibit A) used not more than two or three times in homes in Mexico and in San Francisco but in no other place in the United States. The witness agreed with counsel for the Government that a doll is "just a miniature facsimile or representation of a human or an animal, irrespective of whether it is played with by a child or not." (R. 23.)

Plaintiff's second witness, employed as a clerk by the importer, testified that she was familiar with merchandise like that represented by illustrative exhibit A and had also seen the type of figure in the form of a woman (exhibit 1); that she had seen such articles at the San Francisco World's Fair where they were used to exhibit certain furniture; that she had seen them in various homes used around the fireplaces as decorations but had never seen children play with them; that she would not give such articles to her child, when an infant, to play with because they might cause injury, are unsanitary, collect dust, and could not be sterilized, but on cross-examination stated that not every toy or article that she gave her child to play with was sterile and that some of such articles could collect dust.

The examiner produced a sample taken from the importation, consisting of a figure of a woman which was received in evidence (defendant's exhibit 1). No other testimony was offered by the Government in support of the collector's classification.

In filing this protest, the importer has assumed the double burden of establishing that the collector's classification was wrong and, in addition, that his own claim is correct. (*United States* v. *H. V. Albrecht*, 27 C. C. P. A. 112, C. A. D. 71.) The action of the collector in classifying the involved articles as dolls is presumptively correct. We are of opinion that the plaintiff has failed to overcome this presumption of correctness. The testimony adduced by the plaintiff sought to establish that the articles before us were not toys and were not used for the amusement of children. Such testimony is not controlling. There is no evidence in this record that these articles are not *dolls*.

Prior to the passage of the Tariff Act of 1930, there were various toy provisions in prior tariff acts and little or no distinction was made there between "toys" and "dolls." It was not until the Tariff Act of 1930 that dolls and toys became separate tariff entities for classification purposes. Congress defined toys in the so-called "toy provision" of paragraph 1513 and *eo nomine* provided for "dolls" in the same paragraph. In *S. E. Laszlo* v. *United States*, 27 C. C. P. A. 152, C. A. D. 76, our appellate court stated (p. 156):

\* \* \* paragraph 1513 of the Tariff Act of 1930 differs greatly from previous provisions in other tariff acts with relation to dolls, and it would seem that under said paragraph all dolls, *whether toys or not*, are included therein, \* \* \*. [Italics supplied.]

The provision for "dolls" in paragraph 1513 is not confined to articles used as playthings for children but includes those for ornamental and other purposes. (*Louis Wolf & Co., Inc.* v. *United States*, 15 Cust. Ct. 156, C. D. 963.) The plaintiff herein has failed to establish that these articles are not dolls as classified. The testimony indicates that these straw figures were used in homes as decorative novelties. Plaintiff's witness, Mr. Niebauer, also agreed that a doll was a miniature representation of a human or animal, irrespective of whether or not it is played with by a child. Furthermore, these articles (exhibit 1) are described at least on one invoice as "dolls," and invoice descriptions have certain evidentiary value. (*United States* v. *Gardel Industries*, 33 C. C. P. A. 118, C. A. D. 325.) Plaintiff has not even established by competent evidence the material of which these figures are made although the invoices do describe them as "woven rush." However, as plaintiff has failed to sustain its burden of establishing that these figures are not dolls, it makes no difference of what material they are composed (paragraph 1513, Tariff Act of 1930).

On this record we must hold the involved merchandise to be properly dutiable as dolls under paragraph 1513, as classified by the collector. The protest claim is overruled. Judgment will be entered accordingly.

## CONCURRING OPINION

Mollison, Judge: I concur in the result that the protest claim should be overruled on the sole ground that the plaintiff has failed to establish that the articles in issue are not dolls as classified by the collector.

I do not wish to be understood as endorsing as a definition of the term "dolls" the following language found in a question asked on cross-examination of one of plaintiff's witnesses:

* * * a doll is just a miniature facsimile or representation of a human or an animal, irrespective of whether it is played with by a child or not. (R. p. 23.)

even though the said witness expressed agreement with it.

Furthermore, I do not wish to be understood as endorsing the proposition that in the circumstances of this case the description on one of the two invoices of the merchandise as "dolls" has evidentiary value.